*LaRose v. Am. Med. Response of Conn., Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of May, two thousand twenty-five.

PRESENT:
> RICHARD J. SULLIVAN,
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

ROBERT LAROSE,

> *Plaintiff-Appellant*,

> v.                                                                      No. 24-962

AMERICAN MEDICAL RESPONSE OF
CONNECTICUT, INC.,

> *Defendant-Appellee.*

_____

For Plaintiff-Appellant:  Peter D. Goselin, The Law Office of Peter Goselin, Hartford, CT.

For Defendant-Appellee:  John P. Shea, Jackson Lewis P.C., Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Vernon D. Oliver, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 26, 2024 judgment of the district court is **AFFIRMED**.

Robert LaRose appeals from the district court's grant of summary judgment in favor of his former employer, American Medical Response of Connecticut, Inc. ("AMR"), on his claim that AMR interfered with his rights under the Family Medical Leave Act (the "FMLA"), 29 U.S.C. § 2601, *et seq.*, when it refused to reinstate him as a supervisor after his FMLA leave expired.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review a district court's grant of summary judgment *de novo* and view the evidence in the light most favorable to the non-moving party below.  *See James v. N.Y. Racing Ass'n*, 233 F.3d 149, 152 (2d Cir. 2000).  Summary judgment is appropriate "only when there is no genuine issue as to any material fact."  *Id.*  A

2

dispute is "genuine" when the evidence on the issue "would permit a reasonable juror to find for the party opposing the motion." *Figueroa v. Mazza*, 825 F.3d 89, 98 (2d Cir. 2016).

The FMLA affords qualified employees who cannot work due to a "serious health condition" up to twelve weeks of leave in a year. 29 U.S.C. § 2612(a)(1)(D). To prevail on an FMLA interference claim, LaRose must establish that: (1) he was eligible for FMLA benefits, (2) AMR was subject to the FMLA, (3) he was entitled to FMLA leave, (4) he gave notice to AMR of his intention to take leave, and (5) he was denied FMLA benefits to which he was entitled. *See Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 424 (2d Cir. 2016). The FMLA grants an employee two distinct rights: the right to take leave for the treatment of a serious health condition, *see* 29 U.S.C. § 2612(a)(1), and the right to be reinstated to his former position or an equivalent position at the end of leave, *see id.* § 2614(a). An employer is responsible for designating leave as "FMLA-qualifying, and for giving notice of the designation to the employee." 29 C.F.R. § 825.300(d)(1). If the information provided by the employer in the designation notice changes (*e.g.*, if the employee exhausts his FMLA leave entitlement), the employer must provide written notice to the employee. *See id.* § 825.300(d)(5). Failure to follow the notice requirements

3

may constitute an interference with "the exercise of an employee's FMLA rights," *id.* § 825.300(e), but that failure is actionable only if the plaintiff can demonstrate that it prejudiced him, *see Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 90–91 (2002).

There is no dispute that LaRose has met the first four elements of an FMLA interference claim. It is likewise undisputed that LaRose received his twelve weeks of FMLA leave, which expired on February 15, 2019. The sole issue on appeal is whether the district court erred in concluding that AMR was entitled to summary judgment on LaRose's claim that AMR interfered with his right to reinstatement under the FMLA.

LaRose first argues that the district court erred by ignoring evidence that he may have requested reinstatement to his position prior to February 15, 2019, the date that his FMLA leave expired. But LaRose is equivocal as to whether he made such a request "a few days before or a few days after his FMLA" leave expired. Appellant Br. at 17. He merely contends – for the first time on appeal – that while he does "not remember the date of the conversation," he *may* have spoken to Robert Retallick, his manager at AMR, about reinstatement prior to the expiration of his FMLA leave. *Id.* at 16–17. Such vague assertions are insufficient to create a

genuine dispute of material fact. *See F.D.I.C. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 205 F.3d 66, 75 (2d Cir. 2000) ("[V]ague denials and memory lapses . . . do not create genuine issues of material fact."). Moreover, LaRose admits in his own Local Rule 56(a)(2) Statement in the district court that he spoke with Retallick about his "continued employment at AMR" when he visited AMR *after* February 22, 2019. J. App'x at 387; *see also id.* at 3-4 (LaRose alleging in his complaint that the conversation with Retallick occurred "[o]n or about February 27, 2019"); *id.* at 361, 370 (LaRose stating the same in his memorandum opposing summary judgment); *id.* at 400 (LaRose stating the same in a request for admission). In any event, since LaRose never argued to the district court that he may have requested reinstatement prior to the exhaustion of his FMLA leave on February 15, 2019, he has forfeited this argument on appeal. *See In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008).

LaRose next contends that the district court erred by overlooking AMR's failure to provide him with a timely FMLA designation notice, as required by 29 C.F.R. § 825.300(d)(5). But AMR's failure to provide LaRose with such notice could not have interfered with his right to reinstatement for the simple reason that LaRose was not physically able to return to work until May, almost three months

5

after his leave expired in February 2019.  Indeed, his own physician scheduled him for shoulder surgery on March 4, 2019 and stated that LaRose would be unable to work for two to three months after that.  Following that surgery, LaRose was not cleared by his doctor to return to work until May 14, 2019.

We have made clear that an employee's right to reinstatement "could not have been impeded or affected by the lack of notice" where his leave was "caused by a serious health condition that made him unable to perform the functions of his position" and that inability persisted after the end of his twelve-week FMLA leave period.  *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 161-62 (2d Cir. 1999) (internal quotation marks and alterations omitted) (holding that an employee who had a serious health issue that prevented him from returning to work for two months after exhausting his FMLA leave was not prejudiced by his employer's failure to provide him with FMLA notice).  Because LaRose was not medically cleared to return to work until three months after his FMLA leave expired, he could not have been prejudiced by AMR's asserted failure to provide notice.  Accordingly, LaRose cannot show that AMR has interfered with his right to be reinstated.

\*      \*      \*

6

We have considered LaRose's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court